KEITH BAITY, in pro per
232 Essex St.
Lolo, Montana 59847
406-218-8408
KeithBaity@live.com

**FILED** JUN 20 2016

SHIRLEY E. FAUST, CLERK
By _____
Deputy

DISTRICT (KB)

IN THE ~~JUSTICE~~ COURT OF THE STATE
OF MONTANA IN AND FOR
THE COUNTY OF MISSOULA

DV-16-526
Dept 4

Karen S. Townsend

KEITH M. BAITY,

        Plaintiff,

vs.

THE UNITED STATES POSTAL SERVICE, USPS

        Defendant

**MOTION FOR**

**INJUNCTIVE RELIEF**

## JURISDICTIONAL FACTS

1) Plaintiff, Keith M. Baity, is an individual and a citizen and resident of Missoula County, Montana.

2) Defendant, the United States Postal Service, or USPS. Is an independent establishment of the executive branch of the government of the United States organized to perform public services according to an Act of Congress, 84 STAT 720 (39 U.S.C.A. 201), with a principal office in Washington, DC.

3) Defendant, Meagan J. Brennan, is currently the Postmaster General of the United States. She is here sued in her official capacity.

## PETITION

I, Keith M. Baity, Plaintiff, respectfully petition the Court to enter an Order that does the following.

1) A preliminary injunction restraining Defendant, its agents, servants and employees from removing anything attached to the outside of residential mailboxes.

2) A preliminary injunction restraining Defendant, its agents, servants and employees from publishing and/or handing out anything to and for the general public that represents law 18 U.S. Code 1702, 1705, 1708, and 1725, Exhibits F – I, respectively, except an exact printing of said law and nothing else.

3) A preliminary injunction ordering the Defendant to issue a company-wide statement to all it agents, servants, and employees, stating that no employee may discuss, with anyone outside the USPS, items attached to the outside of mailboxes, the canvassers of said items and/or the entities they and the items represent.

1

4)  A temporary restraining order issued, restraining Defendant, its agents, servants, and employees, from actions listed in No. 1, 2 and 3, above, until a hearing is had on Plaintiff's application of a preliminary injunction.

5)  A preliminary injunction ordering the Defendant to issue a company-wide statement, to all of its agents, servants, and employees, stating the legal fact that the outside of mailboxes is property of the customers and the Defendant has no relationship with the outside, of residential mailboxes. only the inside.

6)  A preliminary injunction ordering the Defendant to change their Domestic Mail Manual, or DMM to reflect that all guidelines and/or regulations, within the DMM, concerning residential mailboxes are guidelines, for postal employees and its agents, servants and employees only and are not binding on anyone outside the USPS.

7)  An Order, ordering the Defendant to submit, to this Court, verification and/or confirmation of compliance with the above actions, no later than 30 days, from issuance of this Order.

8)  On a final hearing, Defendant, its agents, servants, and employees be permanently enjoined from conduct outlined in No. 1 thru 6, above.

9)  Plaintiff be awarded costs and expenses incurred in this action.

10) Plaintiff receive such other additional relief as the court deems proper.

## COMPLAINT

1)  At all times mentioned in this Complaint, unless otherwise alleged, each Defendant was the agent, servant, employee, or coconspirator of every other Defendant, and in doing the acts alleged in this Complaint, was acting within the course, scope, and authority of that agency or employment, and in furtherance of the conspiracy and with the knowledge and consent of each of the other defendants.

2)  Beginning on or about April 15, 2016 and continue to this day, in the City of Missoula, County of Missoula, State of Montana, Defendant has done acts which seriously alarm, annoy, and harass Plaintiff as follows:

    a)  agents of Defendant remove flyers that Plaintiff has legally attached to the outside of residential mailboxes.

    b)  Agents of Defendant threaten Plaintiff, on a regular basis, with fines, penalties, and incarceration.

    c)  Agents of Defendant defame and slander Plaintiff and his interest, to prospective customers of Plaintiff.

3)  At that time and place, Defendants interfered with the exercise and enjoyment of Plaintiff's civil rights as guaranteed by The Bill of Rights, Amendment IX and X. Specifically, the Defendant, its agents, servants

2

and employees interfered and attempted to interfere with Plaintiff's rights by the use of threats, intimidation or coercion.

4) In that the Defendants have carried on an illegal and malicious campaign against the Plaintiff and his companies, Grout Rite, LLC and Big Sky Bouncers, LLC, preventing the Plaintiff from advertising in a legal manner, a violation of Plaintiffs civil rights.

5) That the Defendants did willfully and maliciously create, publish and distribute a publication, Exhibit A, to the general public, that misrepresents actual laws, specifically 18 U.S. Code 1702, 1705, 1708 and 1725. That Defendants, and its agents claim this publication to be said laws. Defendants publication is a fabrication, produced from directives contained within the Defendant's own Domestic Mail Manual, or DMM and have no legal merit. Defendant's publication is a purposeful attempt to mislead, misinform and misrepresent the actual law, to the general public, concerning actions taken by Plaintiff.

6) That the Defendants did willfully and maliciously add the line, to their publication, "If mail able matter without postage is found in USPS collection box, it is collected as postage due. Even though this statement states "in USPS collection box", Defendant uses this line, directives from Defendant's DMM, and coercion to instruct all its agents, servants, and employees of USPS to commit an illegal act by removing items from the outside of residential mailboxes. These items do not belong to Defendant. When something is attached to the outside of a residential mailbox, it is the property of the owner of said mailbox. To remove said material is a criminal act, Theft, in which property belonging to the mailbox owner is taken without that person's consent.

7) That the Defendants did willfully and maliciously instructed its agents, servants and employees to hand out said publications to the general public, knowing its inaccuracies and misrepresentations. Representatives of the Defendants hand out this publication, to customers, at their homes, businesses, mailboxes, post offices, anywhere.

8) That the Defendants did willfully and maliciously use Defendants' dishonest and fraudulent business publication to slander and defame Plaintiff and his interest. Defendant and agents of Defendant, defamatory and slanderous statements include, but are not limited to,

   a) Defendants telling prospective customers, of Plaintiff, that advertising method, used ty Plaintiff, of taping flyers to outside of mailboxes, is illegal.

   b) Defendants telling prospective customers, of Plaintiff, that the USPS is going to "bring charges", "penalize" and "fine" the Plaintiff, for taping items to outside of mailboxes.

   c) Defendants telling prospective customers, of Plaintiff, "How good can a company be, that breaks the law, to get customers."

d) Defendants telling prospective customers, of Plaintiff, "I wouldn't trust someone that breaks the law."

e) Defendant having employees remove, wade up, and throw away of Plaintiffs advertising, in full view of prospective customers, of Plaintiff and using actions to promote conversation with said customers.

f) That the Defendants did willfully instruct all USPS workers to viciously and maliciously attack anyone who chooses this form of contact, with prospective customers.

9) That the Defendants did willfully and maliciously create portions of their DMM to stop any and all law abiding citizens from exercising their legal rights to use the outside of residential mailboxes, as a way to contact the owner, of said box. Defendant purposely and with forethought created these directives to stop alternate forms of distribution.

10) That the Defendants did willfully and maliciously brainwash every agent, servant, and employee of the USPS into believing in a very fervent manner, that Section 508 Recipient Services, of Defendant's DMM, specifically subsection (2.3.3 Mail Collection), (3.1.1 Authorized Depository), (3.1.3 Use for Mail) and (3.2.5 Advertising) is the actual law, not just guidelines for USPS workers. That Defendant did use this form of employee coercion to manipulate its employees to harass, slander, and defame Plaintiff and his interest.

11) That the Defendants actions are a pattern of illegal activity carried out as part of an enterprise that is owned or controlled by those who are engaged in the illegal activity. Defendants illegal activities are an interference of Plaintiff's commerce and as such qualifies as Racketeering derived from a set of laws 18 U.S.C.A. 1961 et seq. (1970), specifically designed to punish racketeering by business enterprises.

12) As a direct and proximate result of the conduct of Defendant, its agents, servants, and employees, Plaintiff has suffered and will continue to suffer violated civil rights, slander, harassment, defamation of character and loss of revenue.

13) Defendants, by their use of slander, harassment, and threats of retaliation against Plaintiff because of Plaintiff's legal right to advertise, violated plaintiff's right to free commerce, from harassment and intimidation guaranteed by the Bill of Rights, Amendments IX and X, and MCA 49-2-601.

14) Plaintiff has suffered substantial and emotional distress as a direct result of Defendant's conduct in that Plaintiff is afraid to spend money and time advertising when Plaintiff knows Defendants will remove advertisements. Plaintiff has suffered severe headaches, stomach problems and constant nervousness. Plaintiffs effectiveness in his business is greatly reduced. Defendants conduct would have caused a reasonable person to suffer substantial emotional distress.

15) Defendant's course of conduct has been directed specifically against Plaintiff and is knowing, willful, not constitutionally protected, and without legitimate purpose.

16) Defendants violation of Plaintiff's civil rights, as guaranteed by the Bill Of Rights, Amendment IX and X, entitles Plaintiff to compensatory and punitive damages, a civil penalty, attorney's fees, and injunctive relief, all of which are provided for in MCA 27-1-101, MCA 27-1-103, MCA 27-1-107, and specifically MCA 27-1-202, MCA 27-1-220, and are not limited to this action.

17) In doing the acts alleged in this Complaint, Defendants knew or should have known that their actions were likely to injure plaintiff. Plaintiff is informed and believes, and on the basis of such information and belief alleges that Defendants intended to cause injury to Plaintiff and acted with a willful and conscious disregard of Plaintiff's rights as secured in the Bill of Rights, Amendments IX and X, thus entitling plaintiff to recover punitive damages pursuant to MCA 27-1-220.

18) Pursuant to MCA 27-1-202 and MCA 27-19-101, Plaintiff is entitled to bring an action for damages and injunctive relief, as set forth in MCA 27-1-202 and MCA 27-19-101.

19) Unless defendants are restrained by a preliminary and permanent injunction, Plaintiff will continue to suffer severe, irreparable harm, in that Plaintiff's name, reputation and business will be forever damaged. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for passed interference with Plaintiff's civil rights, will not cover present or future damages to name, reputation and business.

20) Plaintiff sent Cease and Desist letters for slander (exhibit B), harassment (exhibit C), libel (exhibit D), and defamation (exhibit E) to Defendant on June 2, 2016 demanding Defendant stop all actions against Plaintiff and his interest. No contact of any kind has been initiated by Defendant towards Plaintiff.

21) Plaintiff has no reasonable alternative other than to seek a temporary injunction from this Court.

22) Wherefore, Plaintiff seeks an Order from this Court temporally restraining and temporarily enjoining Defendant from removing and/or touching anything, on or outside of residential mailboxes. That Defendants quit using present publication relating to laws for residential mailboxes. That Defendant cease and desist any slanderous, defaming comments concerning Plaintiff and his advertising method, to anyone outside the USPS.

Dated 6/20/2016

Keith M. Baity – in pro per

5

# AUTHORITIES

I, Keith M. Baity, Plaintiff, do respectfully submit these laws, codes and statutes, giving the Court authority to rule in Plaintiff's favor for preliminary injunctions:

1) MCA 27-19-201   When preliminary injunction may be granted
2) MCA 27-19-105   Form and scope of injunction or restraining order.
3) MCA 27-19-101   Definition of injunction – by whom granted
4) MCA 27-1-401   When specific or preventive relief permitted
5) MCA 27-1-402   How specific relief given
6) MCA 27-1-403   How preventive relief given
7) MCA 27-1-411   When specific performance of an obligation may be compelled.
8) MCA 82-2-361   Violation --- penalties ---- waiver
9) MCA 45-8-212   Criminal defamation
10) MCA 27-1-803   Slander defined
11) MCA 45-5-221   Malicious intimidation or harassment relating to civil or human rights -- penalty

KEITH BAITY, in pro per
232 Essex St.
Lolo, Montana 59847
406-218-8408
KeithBaity@live.com

IN THE ~~JUSTICE~~ DISTRICT KB COURT OF THE STATE
OF MONTANA IN AND FOR
THE COUNTY OF MISSOULA

KEITH M. BAITY,

        Plaintiff,

vs.

THE UNITED STATES POSTAL SERVICE, USPS

        Defendant

**MOTION FOR
INJUNCTIVE RELIEF
(EXHIBITS)**

## EXHIBITS

Table of Contents

EXHIBIT A............................................ USPS Publication

EXHIBIT B........................................... Cease and Desist Letter – Slander

EXHIBIT C ......................................... Cease and Desist Letter – Harassment

EXHIBIT D ......................................... Cease and Desist Letter – Libel

EXHIBIT E ......................................... Cease and Desist Letter – Defamation

EXHIBIT F ........................................... 18 U.S. Code 1702

EXHIBIT G ........................................... 18 U.S. Code 1705

EXHIBIT H ........................................... 18 U.S. Code 1708

EXHIBIT I ........................................... 18 U.S. Code 1725

# Exhibit `A´

*Every letterbox or other receptacle intended or used for the receipt or delivery of mail on any city delivery route, rural delivery route, highway contract route, or other mail route is designated an authorized depository for mail within the meaning of 18 USC 1702, 1705, 1708, and 1725. These receptacles may be used only for matter bearing postage. No part of a mail receptacle may be used to deliver any matter not bearing psotage, including items or matter placed upon, supported by, attached to, hung from, or inserted into a mail receptacle. Any mailable matter not bearing postage and found as described above is subject to the same postage as would be paid if it were carried by mail." Furthermore, "The mailer is responsible for proper payment of postage. If mailable matter without postage is found in USPS collection box (or other receptacles for mail deposit), it is collected as postage due. If the sender cannot be identified or refuses the matter, it is treated as dead mail."*

*Exhibit B*

1  KEITH BAITY
   232 Essex St.
2  Lolo, Montana 59847
   406-218-8408
3  KeithBaity@live.com

4                    IN THE JUSTICE OF THE STATE
                         OF MONTANA IN AND FOR
5                       THE COUNTY OF MISSOULA

6
7  KEITH M. BAITY,

8            Plaintiff,

9  vs.                                      CEASE AND DESIST

10 THE UNITED STATES POSTAL SERVICE,             (SLANDER)

11          Defendant

12      This CEASE AND DESIST letter is being sent, on this day of May 31, 2016, by certified mail to the United

13 States Postal Service, that for now, and forward, shall be referred to as Defendant, located at 1100 Kent Ave.

14 Missoula, Montana, 59801.

15      This CEASE AND DESIST letter is sent by and for Keith Baity and the business entity, Grout Rite. Both

16 parties shall for now, and forward, to be referred to as Plaintiffs.

17
18 RE: False and defamatory statements made by Defendants to prospective customers regarding advertising methods

19 of Plaintiffs.

20
21 To Whom It May Concern,

22
23 If you are represented by legal counsel, please direct this letter to your attorney immediately and have your attorney

24 notify us of such representation.

25
26 The Defendants, United States Postal Service, its directors, officers, agents, employees and assigns (collectively,

27 Defendant) are hereby warned and notified to CEASE AND DESIST making false and defamatory statements

28 regarding Plaintiff and its ongoing matters with Defendant.

29
30 It has come to our attention that false statements were made by Defendant. Defendant wrote, edited, printed and

31 handed out, what is represented and printed as being the law. Defendant's publication, is a fabrication, produced

32 from directives contained within Defendant's Domestic Mail Manual, or DMM. Defendant's publication is a

[P]

1    purposeful attempt to mislead, misinform, and misrepresent, the actual law concerning actions taken by Plaintiff.

2    Defendant hand out publication to general public. Defendants us publication to characterize Plaintiff as law breaker,

3    bad business person, and troublemaker. This action gives the public false and damaging impression, of Plaintiff.

4

5    The statements made by the Defendants regarding Plaintiffs are false, defamatory, constitute tortious interference

6    with business and as such, are actionable under Montana law.

7

8    If you do not comply with this Cease and Desist demand, within the time period, of ten (10) days, Plaintiff is entitled

9    to seek monetary damages and equitable relief for your slanderous, false and defamatory statements, made against

10   Plaintiff.  In the event you fail to meet this demand, please be advised that Plaintiff will pursue all available legal

11   remedies, including seeking monetary damages, injunctive relief, and an order that you pay court costs and

12   attorney's fees. Your liability and exposure under such legal action could be considerable.

13

14   Before taking these steps, however, the Plaintiff wishes to give you one opportunity to discontinue your illegal

15   conduct by complying with the demand within ten (10) days

16

17

18                          You are hereby directed to:
                            CEASE AND DESIST ALL SLANDER
19                          OF PLAINTIFFS

20

21

22                          KEITH M. BAITY

23

24

25

26

27

28

29

30

31

32

PLEADING TITLE

*Exhibit C*

1  KEITH BAITY
   232 Essex St.
2  Lolo, Montana 59847
   406-218-8408
3  KeithBaity@live.com

4              IN THE JUJSTICE OF THE STATE
                OF MONTANA IN AND FOR
5                THE COUNTY OF MISSOULA

6
7  KEITH M. BAITY,

8             Plaintiff,

9  vs.                                    CEASE AND DESIST

10 THE UNITED STATES POSTAL SERVICE,        (HARASSMENT)

11            Defendant

12        This CEASE AND DESIST letter is being sent, on this day of May 31, 2016, by certified mail to the United

13 States Postal Service, that for now, and forward, shall be referred to as Defendant, located at 1100 Kent Ave.

14 Missoula, Montana, 59801.

15        This CEASE AND DESIST letter is sent by and for Keith Baity and the business entity, Grout Rite. Both

16 parties shall for now, and forward, to be referred to as Plaintiffs.

17

18 RE: Cease and Desist from harassing.

19

20 To Whom It May Concern,

21

22 If you are represented by legal counsel, please direct this letter to your attorney immediately and have your attorney

23 notify us of such representation.

24

25 This CEASE AND DESIST ORDER is to inform Defendant that their persistent actions including but not limited to

26 touching, removing, and destroying of Plaintiffs advertisements, taped to outside of customer's mailboxes have

27 become unbearable. Defendant is ORDERED TO STOP such activities immediately as such activities are being

28 done in violation of the law.

29

30 Again, Defendant must IMMEDIATELY STOP touching, removing, and destroying Plaintiff's advertisements and

31 send Plaintiff written confirmation that Defendant, and all its agents will stop such activities. Defendant risk

32 incurring some very severe legal consequences if Defendant fails to comply with this demand.

This letter acts as Defendants final warning to discontinue this unwanted conduct before Plaintiff pursues legal actions against Defendant. At this time Plaintiff is not contacting the authorities or filing civil suit against Defendant, as Plaintiff hopes to resolve this matter without authoritative involvement.

Plaintiff is not under any circumstances, however, waiving any legal right Plaintiff has presently, or future legal remedies against Defendant by sending Defendant this letter. The order acts as ONE FINAL CHANCE for Defendants to cease their illegal activities before Plaintiff exercises their rights.

To ensure compliance with this letter, and to halt any legal action Plaintiff may take against Defendant, Plaintiff requires Defendant to fill in and sign the attached form and mail it back to Plaintiff within ten (10) days of your receipt of this letter. Failure to do so will act as evidence of Defendants infringement upon Plaintiff's legal rights, and Plaintiff will immediately seek legal avenues to remedy the situation.

If you do not comply with this Cease and Desist demand, within the time period, of ten (10) days, Plaintiff is entitled to seek monetary damages and equitable relief for Defendant's harassment of the Plaintiff.  In the event Defendant fails to meet this demand, please be advised that Plaintiff will pursue all available legal remedies, including seeking monetary damages, injunctive relief, and an order that Defendant pay court costs and attorney's fees. Defendant's liability and exposure under such legal action could be considerable.

Before taking these steps, however, the Plaintiff wishes to give Defendant one opportunity to discontinue their illegal conduct by complying with the demand within ten (10) days

You are hereby directed to:
CEASE AND DESIST ALL HARASSMENT
OF PLAINTIFFS

KEITH M. BAITY

KEITH BAITY
232 Essex St.
Lolo, Montana 59847
406-218-8408
KeithBaity@live.com

IN THE JUSTICE OF THE STATE
OF MONTANA IN AND FOR
THE COUNTY OF MISSOULA

KEITH M. BAITY,

      Plaintiff,

vs.

THE UNITED STATES POSTAL SERVICE,

      Defendant

CEASE AND DESIST

(COMPLIANCE AGREEMENT)

    I, the United States Postal Service do hereby agree to stop touching, removing and/or destroying advertisements, notices, flyers, etc. found on outside of customer's mailboxes, which is in violation of Keith Baity's rights. I understand that this my final chance to cease these activities. I understand that Keith Baity potentially has the right to pursue legal action against me relating to my engagement in these activities, but he will not pursue those rights in contemplation of my compliance with this written demand. I further understand that Keith Baity has not waived his rights and may pursue legal remedies against me if I fail to abide by this agreement. I understand that this agreement is not specifically limited to the activities name herein. I will not engage in any activity now or in the future done for the purpose of harassing Keith Baity. I furthermore agree not to engage in any activity, regardless of its official title, that is done in violation of Keith Baity's legal rights. If I fail to cease performing these activities, Keith Baity may pursue legal action against me in accordance of his legal rights. This agreement acts as contract between the United States Postal Service and Keith Baity. Forbearing enforcement of legally enforceable remedies is sufficient consideration to support this agreement. This agreement represents the entire agreement between the parties. Any statements made orally, written, or otherwise which are not contained herein shall have no impact on either parties' rights or obligations elaborated in this agreement.

Date: _____

Name: _____

Title: _____    Representing: _____

Signature: _____

**Exhibit D**

KEITH BAITY
232 Essex St.
Lolo, Montana 59847
406-218-8408
KeithBaity@live.com

## IN THE JUJSTICE OF THE STATE
## OF MONTANA IN AND FOR
## THE COUNTY OF MISSOULA

KEITH M. BAITY,

       Plaintiff,

vs.

THE UNITED STATES POSTAL SERVICE,

       Defendant

**CEASE AND DESIST**

(LIBEL)

This CEASE AND DESIST letter is being sent, on this day of May 31, 2016, by certified mail to the United States Postal Service, that for now, and forward, shall be referred to as Defendant, located at 1100 Kent Ave. Missoula, Montana, 59801.

This CEASE AND DESIST letter is sent by and for Keith Baity and the business entity, Grout Rite. Both parties shall for now, and forward, to be referred to as Plaintiffs.

RE: False and defamatory publications made by Defendants to prospective customers, of Plaintiffs, regarding advertising methods of Plaintiffs.

To Whom It May Concern,

If you are represented by legal counsel, please direct this letter to your attorney immediately and have your attorney notify us of such representation.

The Defendants, United States Postal Service, its directors, officers, agents, employees and assigns (collectively, Defendant) are hereby warned and notified to CEASE AND DESIST MAKING FALSE AND DEFAMATORY PUBLICATIONS REGARDING ADVERTISING METHODS OF Plaintiff and its ongoing matters with Defendant.

It has come to Plaintiff's attention that false statements were made by Defendant, in both voice and publication. Defendant wrote, edited, printed, handed out and explained, what Defendant says is the law, regarding the Plaintiff's

[PLEADING TITLE] - 1

1  advertising methods. Defendant hands out publication to anyone in the general public, most of which are potential

2  customers for Plaintiff.

3

4  Defendant's publication, is a fabrication, produced from directives contained within Defendant's Domestic Mail

5  Manual, or DMM, and not law. Defendant's publication is a purposeful attempt to mislead, misinform and

6  misrepresent the actual law concerning actions taken by Plaintiff.

7

8  The statements made by the Defendants regarding Plaintiffs are false, defamatory, constitute tortious interference

9  with business and as such, are actionable under Montana law.

10

11  If Defendant does not comply with this Cease and Desist demand, within the time period, of ten (10) days, Plaintiff

12  is entitled to seek monetary damages and equitable relief for Defendant's slanderous, false and defamatory

13  statements, made against Plaintiff. In the event Defendant fails to meet their demand, please be advised that Plaintiff

14  will pursue all available legal remedies, including seeking monetary damages, injunctive relief, and an order that

15  Defendant pays court costs and attorney's fees. Defendant's liability and exposure under such legal action could be

16  considerable.

17

18  Before taking these steps, however, the Plaintiff wishes to give Defendant one opportunity to discontinue

19  Defendant's illegal conduct by complying with the demand within ten (10) days.

20

21

22

23

24                              You are hereby directed to:
25                              CEASE AND DESIST ALL LIBEL
                                OF PLAINTIFFS
26

27

28        _____
          KEITH M. BAITY
29

30

31

32

PLAINTIFF'S [illegible] - 2

*Exhibit E*

KEITH BAITY
232 Essex St.
Lolo, Montana 59847
406-218-8408
KeithBaity@live.com

IN THE JUSTICE OF THE STATE
OF MONTANA IN AND FOR
THE COUNTY OF MISSOULA

KEITH M. BAITY,

          Plaintiff,

vs.

THE UNITED STATES POSTAL SERVICE,

          Defendant

CEASE AND DESIST

(DEFAMATION)

This CEASE AND DESIST letter is being sent, on this day of May 31, 2016, by certified mail to the United States Postal Service, that for now, and forward, shall be referred to as Defendant, located at 1100 Kent Ave. Missoula, Montana, 59801.

This CEASE AND DESIST letter is sent by and for Keith Baity and the business entity, Grout Rite. Both parties shall for now, and forward, to be referred to as Plaintiffs.

To Whom It May Concern,

If you are represented by legal counsel, please direct this letter to your attorney immediately and have your attorney notify us of such representation.

You are hereby directed to:

CEASE AND DESIST ALL DEFAMATION OF

PLAINTIFF'S CHARACTER AND REPUTATION

The Plaintiff is an educated, respected professional in the community. They have spent years serving the community in their profession and building a positive reputation. The Plaintiff has learned that you have engaged in spreading false, destructive and defamatory rumors out them.

Under Montana law, it is unlawful to engage in defamation of another's character and reputation. Defamation consists of:

[ PLEADING TITLE] - 1

1.  1) A statement or statements that tend to injure reputation;

2.  2) Communicated to another; and

3.  3) That the speaker knew or should have known was false.

4. Defendant, and agents of defendant, defamatory statements involved:

5.  1) Telling prospective customers, of Plaintiffs, that advertising method, used by the Plaintiffs, to reach said

6.  customers, is illegal.

7.  2) Telling prospective customers that the Defendant is going to "bring charges", "penalize" and "fine",

8.  plaintiffs, for taping items to said customer's mailbox.

9.  3) Telling prospective customers, "How good can a company be, that breaks the law, to get customers".

10.  4) Telling prospective customers, "I wouldn't trust someone that breaks the law."

11.  5) Removing, wading up, and throwing away of Plaintiff's advertising, in full view of prospective customers,

12.  and using actions to promote conversation with said customer.

13. Accordingly, we demand that you (A) immediately cease and desist your unlawful defamation of the Plaintiffs,

14. Keith Baity and/or Grout Rite, Tile and Grout Restoration and (B) provide us with prompt written assurance within

15. ten (10) days that you will cease and desist from further defamation of Plaintiff's character and reputation.

16.

17. If you do not comply with this Cease and Desist demand within this time period. Plaintiff is entitled to seek

18. monetary damages and equitable relief for your defamation. In the event you fail to meet this demand, please be

19. advised that Plaintiff will pursue all available legal remedies, including seeking monetary damages, injunctive relief,

20. and an order that you pay court costs and attorney's fees. Your liability and exposure under such legal action could

21. be considerable.

22.

23. Before taking these steps, however, the Plaintiff wishes to give you one opportunity to discontinue your illegal

24. conduct by complying with the demand within ten (10) days. Accordingly, please send signed Defamation

25. Settlement Agreement, stipulating conditions of compliance, within ten (10) days.

26.

27.

28.                              You are hereby directed to:
                                 CEASE AND DESIST ALL DEFAMATION
29.                              OF PLAINTIFFS

30.

31.  _____

32.  KEITH M. BAITY

[PLEADING TITLE] - 2

Support Us!

U.S. Code (/uscode/text) › Title 18 (/uscode/text/18) › Part I (/uscode/text/18/part-I) › Chapter 83 (/uscode/text/18/part-I/chapter-83) › § 1702

# 18 U.S. Code § 1702 - Obstruction of correspondence

Current through Pub. L. 114-38 (http://www.gpo.gov/fdsys/pkg/PLAW-114publ38/html/PLAW-114publ38.htm). (See Public Laws for the current Congress (http://thomas.loc.gov/home/LegislativeData.php?n=PublicLaws).)

**US Code** (/uscode/text/18/1702?qt-us_code_temp_noupdates=0#qt-us_code_temp_noupdates)

**Notes** (/uscode/text/18/1702?qt-us_code_temp_noupdates=1#qt-us_code_temp_noupdates)

**Authorities (CFR)** (/uscode/text/18/1702?qt-us_code_temp_noupdates=3#qt-us_code_temp_noupdates)

prev (/uscode/text/18/1701) | next (/uscode/text/18/1703)

Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both.

(June 25, 1948, ch. 645, 62 Stat. 778 (http://uscode.house.gov/statviewer.htm?volume=62&page=778); Pub. L. 103–322, title XXXIII, § 330016(1)(I) (http://thomas.loc.gov/cgi-bin/bdquery/L?d103:./list/bd/d103pl.lst:322(Public_Laws)), Sept. 13, 1994, 108 Stat. 2147 (http://uscode.house.gov/statviewer.htm?volume=108&page=2147).)



Support Us!

U.S. Code (/uscode/text) › Title 18 (/uscode/text/18) › Part I (/uscode/text/18/part-I) › Chapter 83 (/uscode/text/18/part-I/chapter-83) › § 1705

# 18 U.S. Code § 1705 - Destruction of letter boxes or mail

Current through Pub. L. 114-38 (http://www.gpo.gov/fdsys/pkg/PLAW-114publ38/html/PLAW-114publ38.htm). (See Public Laws for the current Congress (http://thomas.loc.gov/home/LegislativeData.php?n=PublicLaws).)

**US Code (/uscode/text/18/1705?qt-us_code_temp_noupdates=0#qt-us_code_temp_noupdates)**

**Notes (/uscode/text/18/1705?qt-us_code_temp_noupdates=1#qt-us_code_temp_noupdates)**

**Authorities (CFR) (/uscode/text/18/1705?qt-us_code_temp_noupdates=3#qt-us_code_temp_noupdates)**

prev (/uscode/text/18/1704) | next (/uscode/text/18/1706)

Whoever willfully or maliciously injures, tears down or destroys any letter box or other receptacle intended or used for the receipt or delivery of mail on any mail route, or breaks open the same or willfully or maliciously injures, defaces or destroys any mail deposited therein, shall be fined under this title or imprisoned not more than three years, or both.

(June 25, 1948, ch. 645, 62 Stat. 779 (http://uscode.house.gov/statviewer.htm?volume=62&page=779); May 24, 1949, ch. 139, § 38, 63 Stat. 95 (http://uscode.house.gov/statviewer.htm?volume=63&page=95); Pub. L. 103–322, title XXXIII, § 330016(1)(H) (http://thomas.loc.gov/cgi-bin/bdquery/L?d103:./list/bd/d103pl.lst:322(Public_Laws)), Sept. 13, 1994, 108 Stat. 2147 (http://uscode.house.gov/statviewer.htm?volume=108&page=2147); Pub. L. 107–273, div. B, title III, § 3002(a)(2) (http://www.gpo.gov/fdsys/pkg/PLAW-107publ273/html/PLAW-107publ273.htm), Nov. 2, 2002, 116 Stat. 1805 (http://uscode.house.gov/statviewer.htm?volume=116&page=1805).)



U.S. Code (/uscode/text) › Title 18 (/uscode/text/18) › Part I (/uscode/text/18/part-I) › Chapter 83 (/uscode/text/18/part-I/chapter-83) › § 1708

# 18 U.S. Code § 1708 - Theft or receipt of stolen mail matter generally

Current through Pub. L. 114-38 (http://www.gpo.gov/fdsys/pkg/PLAW-114publ38/html/PLAW-114publ38.htm). (See Public Laws for the current Congress (http://thomas.loc.gov/home/LegislativeData.php?n=PublicLaws).)

**US Code** (/uscode/text/18/1708?qt-us_code_temp_noupdates=0#qt-us_code_temp_noupdates)

**Notes** (/uscode/text/18/1708?qt-us_code_temp_noupdates=1#qt-us_code_temp_noupdates)

**Authorities (CFR)** (/uscode/text/18/1708?qt-us_code_temp_noupdates=3#qt-us_code_temp_noupdates)

prev (/uscode/text/18/1707) | next (/uscode/text/18/1709)

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or

Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or

Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

Shall be fined under this title or imprisoned not more than five years, or both.

(June 25, 1948, ch. 645, 62 Stat. 779 (http://uscode.house.gov/statviewer.htm?volume=62&page=779); May 24, 1949, ch. 139, § 39, 63 Stat. 95 (http://uscode.house.gov/statviewer.htm?volume=63&page=95); July 1, 1952, ch. 535, 66 Stat. 314 (http://uscode.house.gov/statviewer.htm?volume=66&page=314); Pub. L. 103–322, title XXXIII, § 330016(1)(I) (http://thomas.loc.gov/cgi-bin/bdquery/L?d103:./list/bd/d103pl.lst:322(Public_Laws)), Sept. 13, 1994, 108 Stat. 2147 (http://uscode.house.gov/statviewer.htm?volume=108&page=2147).)



U.S. Code (/uscode/text) › Title 18 (/uscode/text/18) › Part I (/uscode/text/18/part-I) › Chapter 83 (/uscode/text/18/part-I/chapter-83) › § 1725

# 18 U.S. Code § 1725 - Postage unpaid on deposited mail matter

Current through Pub. L. 114-38 (http://www.gpo.gov/fdsys/pkg/PLAW-114publ38/html/PLAW-114publ38.htm). (See Public Laws for the current Congress (http://thomas.loc.gov/home/LegislativeData.php?n=PublicLaws).)

**US Code** (/uscode/text/18/1725?qt-us_code_temp_noupdates=0#qt-us_code_temp_noupdates)

**Notes** (/uscode/text/18/1725?qt-us_code_temp_noupdates=1#qt-us_code_temp_noupdates)

**Authorities (CFR)** (/uscode/text/18/1725?qt-us_code_temp_noupdates=3#qt-us_code_temp_noupdates)

prev (/uscode/text/18/1724) | next (/uscode/text/18/1726)

Whoever knowingly and willfully deposits any mailable matter such as statements of accounts, circulars, sale bills, or other like matter, on which no postage has been paid, in any letter box established, approved, or accepted by the Postal Service for the receipt or delivery of mail matter on any mail route with intent to avoid payment of lawful postage thereon, shall for each such offense be fined under this title.

(June 25, 1948, ch. 645, 62 Stat. 784 (http://uscode.house.gov/statviewer.htm?volume=62&page=784); Pub. L. 91–375, § 6(j)(33) (http://www.gpo.gov/fdsys/browse/collection.action?collectionCode=PLAW), Aug. 12, 1970, 84 Stat. 780 (http://uscode.house.gov/statviewer.htm?volume=84&page=780); Pub. L. 103–322, title XXXIII, § 330016(1)(F) (http://thomas.loc.gov/cgi-bin/bdquery/L?d103:./list/bd/d103pl.lst:322(Public_Laws)), Sept. 13, 1994, 108 Stat. 2147 (http://uscode.house.gov/statviewer.htm?volume=108&page=2147).)



Exhibit I