IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KEITH M. BAITY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendant. | CV 16-103-M-DLC-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

Before the Court is Defendant United States Postal Service's ("Postal Service") motion to dismiss Plaintiff Keith Baity's pleading. For the reasons discussed, the Postal Service's motion should be granted and this action dismissed.

## I.　Background

Baity, appearing pro se, commenced this action by filing his pleading – a "Motion for Injunctive Relief" – in the Montana Fourth Judicial District Court, Missoula County, Montana. The Postal Service removed the case to this federal court.

In his pleading Baity explains he operates two private businesses, and in April, 2016, he prepared advertising flyers promoting his businesses. He distributed his flyers by taping them to prospective customers' doors and to the

1

outside of residential mailboxes.

Baity complains that employees and agents of the Postal Service have wrongfully interfered with his business advertising activities. He asserts it is not illegal for him to attach his flyers to the outside of residential mailboxes, but postal carriers have told Baity his conduct is illegal, and that he could be prosecuted and fined for his conduct. He complains Postal Service employees have unlawfully removed his business flyers from the mailboxes, posted notices to the general public allegedly misrepresenting various provisions of law relative to Baity's conduct, engaged in libel, slander, defamation, and harassment against Baity and his businesses, and have unlawfully threatened to take punitive action against Baity. He believes the Postal Service interfered with his lawful business activities in violation of his civil rights, and caused economic harm to him and his businesses.

Baity's pleading requests various forms of relief. He asserts he is entitled to compensatory and punitive damages as authorized under specific provisions of Montana law to which he cites. (Doc. 3 at 5 of 21.) Baity also requests the Court issue a permanent injunction preventing the Postal Service from interfering with his asserted lawful business activities. But in his brief filed in response to the Postal Service's motion Baity disavows any claim for damages. He asserts he

seeks only "the injunctive order and nothing else other than court costs. No damages are asked for in any way." (Doc. 13 at 6 of 30.)

The Postal Service moves to dismiss Baity's pleading. It assert, under Fed. R. Civ. P. 12(b)(1) and (b)(6), that this action is subject to dismissal for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

## II. Applicable Law

### A. Jurisdiction – Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1), Fed. R. Civ. P., provides the proper procedure for challenging the existence of a court's jurisdiction. A defendant may pursue a Rule 12(b)(1) motion either as a facial challenge to the jurisdictional allegations of a pleading, or as a substantive challenge to the facts underlying those allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge is one which contends the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Therefore, in addressing a facial challenge the court must assume the allegations in the complaint are true, and it

"must draw all reasonable inferences in [plaintiff's] favor." *Id.* *See also Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

The plaintiff bears the burden of proving the existence of jurisdiction in response to a challenge under Rule 12(b)(1). *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

### B. Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### C. Pro Se Pleadings

Because Baity is proceeding pro se the Court must construe his pleading

liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Nonetheless, pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### III. Discussion

#### A. Postal Regulations

Baity's allegations suggest the Postal Service has failed to properly follow or interpret its own mail delivery regulations set forth in its Domestic Mail Manual. Those regulations are incorporated by reference in the Code of Federal Regulations. 39 C.F.R. § 111.1.

But the Postal Reorganization Act, 39 U.S.C. §§ 101 et seq., and its implementing postal regulations cannot be interpreted to expose the Postal Service to suit for violations of its own regulations. *Currier v. Potter*, 379 F.3d 716, 724 (9th Cir. 2004). A postal regulation "does not create a private right of action of its own force." *Id*. at 725. Therefore, the Postal Service's motion to dismiss Baity's claims predicated upon the Postal Service regulations should be granted.

### B. Federal Tort Claims Act

#### 1. Sovereign Immunity

Baity's allegations assert the Postal Service is liable for threatening him with prosecution and fines (malicious prosecution and abuse of process), slander, defamation, libel, and for making misrepresentations of the law. But, for the reasons discussed, federal law does not waive the United States' sovereign immunity for those types of claims, and they are properly dismissed.

Liberally construed, Baity's claims of wrongful conduct fall within the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for certain claims against it, and permits the imposition of liability against the United States for negligence or wrongful acts or omissions of its employees "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Specifically, FTCA claims are permitted:

> against the United States [...] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

But the FTCA provides that the waiver of the United States' sovereign immunity does not apply to certain intentional tort claims such as "malicious

prosecution, abuse of process, libel, slander, [or] misrepresenation[.]" 28 U.S.C. § 2680(h). The United States retains sovereign immunity against liability for the legal claims identified in section 2680(h) – the statute bars those legal claims for relief. *Snow-Erlin v. United States*, 470 F.3d 804, 808-809 (9th Cir. 2006).

Based on the forgoing, the Postal Service's motion to dismiss based on sovereign immunity and the provisions of the FTCA should be granted. Baity's claims fall squarely within the prohibition against claims for malicious prosecution, abuse of process, libel, slander and misrepresentation. Therefore, those claims are properly dismissed for lack of jurisdiction.

### 2. **United States as Proper Defendant – Individual's Immunity**

Baity identifies Meagan J. Brennan, the Postmaster General of the United States Postal Service, as an additional Defendant in the body of his allegations, but he did not include her as a Defendant named in the caption of his pleading. He also does not set forth factual allegations specific to Brennan's own individual conduct. And although not expressly stated, Baity apparently identifies and sues her in her official capacity only.

But a suit against a federal employee in her official capacity is, in substance, a suit against the United States (*Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985), and the United States is the only proper defendant in an action under

the FTCA. *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983). Thus, Baity's claims against Brennan in her official capacity are construed as advanced only against the Postal Service.

To the extent Baity's allegations could be construed as pled against Brennan in her personal capacity, the FTCA immunizes individual federal employees from personal liability for an action that is properly asserted against the United States under the FTCA. *M.J. v. United States*, 721 F.3d 1079, 1083-84 (9th Cir. 2013). Therefore, Baity's claims against Brennan in her personal capacity, if any, are subject to dismissal.

### 3. Exhaustion

Baity's surviving claims of tortious conduct for which the Postal Service could be held liable under the FTCA are further subject to other limitations imposed under the Act. The FTCA requires that a plaintiff must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]" 28 U.S.C. § 2675(a). If the agency denies the claim, or fails to make a final disposition of the claim within six months of when the claim was presented, then the plaintiff may proceed with a civil action in district court. *Id*. But if a claimant fails to exhaust the appropriate administrative remedies as required, then the court lacks subject matter

jurisdiction to entertain his or her claims. *Meridian Intl. Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991). It is a claimant's burden to ensure that the federal agency receives the claim for purposes of exhausting administrative remedies. *See Bailey v. United States*, 642 F.2d 344, 346-47 (9th Cir. 1981).

The Postal Service's regulations promulgated under the FTCA describe the applicable administrative claims procedures. A plaintiff's claims against the Postal Service must be filed within two years from the date the claim accrues. 39 C.F.R. § 912.3. The claim must be submitted in writing on Standard Form 95 – Claim for Damage or Injury form – and should be filed with the Tort Claims Coordinator for the Postal Service District Office where the claim accrued, or at another specifically designated office. 39 C.F.R. §§ 912.4 and 912.5. The written claim must include a claim for money damages in a sum certain. 39 C.F.R. § 912.5.

In support of its motion to dismiss the Postal Service submitted the declaration of Kimberly Herbst, a Supervisor and Tort Claims Examiner/Adjudicator employed at the United States Postal Service National Tort Center, St. Louis General Law Office. Ms. Herbst has access to all claims against the Postal Service submitted under the FTCA. She conducted a search of all FTCA claims against the Postal Service and found no FTCA claim submitted by

Baity. (Doc. 8-1 at 2.)

In response, Baity contends he did exhaust his administrative remedies. He states he has visited with several employees over the counter at the post office, and he contacted the supervisor at the main post office in Missoula. He also accessed the Postal Service website for assistance, and he sent a letter to the postmaster general of Montana. But neither Baity's allegations, nor his brief demonstrate that he presented his FTCA claim, in writing, to the appropriate office of the Postal Service as required under 39 C.F.R. §§ 912.4 and 912.5. Baity has not satisfied his burden to demonstrate he has exhausted the required administrative remedies prior to commencing this action. Therefore, his FTCA claims are unexhausted and this Court lacks subject matter jurisdiction over them. The claims are properly dismissed without prejudice to afford him an opportunity to exhaust his remedies.

## C. Civil Rights

Baity asserts the Postal Service's conduct in preventing his advertising activities violated his civil rights under "the Bill of Rights, Amendments IX and X[.]" (Doc. 3 at 4-5.) Therefore, his claims are at least potentially cognizable under authority of *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").

But *Bivens* does not afford a remedy for claims directly against the United

States government.  *Thomas-Lazear v. Federal Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir. 1988).  Therefore, Baity's *Bivens* claims against the Postal Service are properly dismissed.

As noted, Baity's pleading also identifies Postmaster General Brennan as a Defendant in this action.  To the extent Baity's *Bivens* claims are advanced against Brennan in her official capacity, the claims must be construed as pled against the United States, which are not cognizable.  *Bivens* claims cannot be brought against a federal agency or a federal employee in his or her official capacity.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) and *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996).

Alternatively, to the extent Baity's claims against Brennan are pled against her in her personal capacity, the claims fail for lack of factual specificity as to her direct, personal involvement with Baity's business flyers.  For the reasons discussed, Baity's allegations fail to demonstrate it is plausible that Brennan herself actually interfered with Baity's activities.

The standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Rule 8).  Although Rule

8(a)(2) does not require "detailed factual allegations", a plaintiff must nonetheless set forth more than bare allegations that the defendant unlawfully harmed the plaintiff. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

With respect to the personal liability of governmental officials or employees, the factual allegations must, at a minimum, demonstrate it is plausible that the individual was directly and personally involved in the conduct which allegedly violated a civil right. The allegations must plausibly demonstrate the individual directly and integrally participated in the alleged unlawful conduct. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008). The focus is on the specific facts of each individual's personal acts or omissions, and the direct causal connection between those acts and the constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

Baity's allegations regarding Brennan are very limited. Although she is the Postmaster General of the United States Postal Service, none of Baity's allegations

12

identify specific acts or omissions committed directly by Brennan which violated any rights he may have with respect to his business advertising activities. Absent personal involvement by Brennan, she cannot be held liable in a *Bivens* action for the conduct of her subordinates under a theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. Therefore, to the extent Baity's claims are advanced against Brennan in her personal capacity, the claims are insufficient and should be dismissed.

## IV. Conclusion

Based on the foregoing, IT IS RECOMMENDED that the Postal Service's motion to dismiss be GRANTED, and this action DISMISSED.

Although a district court should ordinarily grant a pro se plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995), "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

Under the circumstances of this case, the Court concludes the defects in Baity's allegations identified in this recommendation could not be cured by an

amended pleading. Therefore, the Court recommends this dismissal be without leave to amend.

DATED this 23nd day of December, 2016.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge